# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| ERTAN BARUCIC, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CARRIZO OIL & GAS, INC., S.P. JOHNSON IV, STEVEN A. WEBSTER, F. GARDNER PARKER, FRANCES ALDRICH SEVILLA-SACASA, THOMAS L. CARTER, JR., ROBERT F. FULTON, ROGER A. RAMSEY, and FRANK A. WOJTEK,<br><br>Defendants. | Case No. _____<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

Plaintiff Ertan Barucic ("Plaintiff"), on behalf of himself and all others similarly situated, upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Class Action Complaint:

## NATURE OF THE ACTION

1. This is a class action brought by Plaintiff on behalf of himself and all other public stockholders of Carrizo Oil & Gas, Inc. ("Carrizo" or the "Company") against Carrizo and the members of its Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15.U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. 240.14a-9, and to enjoin the vote on a proposed transaction, pursuant to which

1

Carrizo will be acquired by Callon Petroleum Company ("Callon") (the "Proposed Transaction").

2. On July 15, 2019, Carrizo and Callon issued a joint press release announcing they had entered into an Agreement and Plan of Merger (the "Merger Agreement"), whereby Carrizo stockholders will be entitled to receive 2.05 shares of Callon common stock for each share of Carrizo common stock they own (the "Merger Consideration").

3. On August 20, 2019, in order to convince Carrizo's public stockholders to vote in favor of the Proposed Transaction, defendants caused Carrizo to file a Form S-4 Registration Statement (the "Registration Statement") with the SEC which omits or misrepresents material information concerning the Proposed Transaction. The failure to adequately disclose such material information renders the Registration Statement false and misleading.

4. For these reasons, and as set forth in detail herein, Plaintiff alleges that defendants violated Sections 14(a) and 20(a) of the Exchange Act as Carrizo stockholders need such information in order to make a fully informed decision whether to vote in favor of the Proposed Transaction. Plaintiff seeks to enjoin the stockholder vote on the Proposed Transaction unless and until such Exchange Act violations are cured.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

6. This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an

individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.  Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff's claims arose in this District, where a substantial portion of the actionable conduct took place, where most of the documents are electronically stored, and where the evidence exists. Carrizo is headquartered in this District. Moreover, each of the Individual Defendants, as Company officers or directors, either resides in this District or has extensive contacts within this District.

## PARTIES

8.  Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of Carrizo.

9.  Defendant Carrizo is a Texas corporation and maintains its principal executive offices at 500 Dallas Street, Suite 2300 Houston, Texas 77002. Carrizo's common stock is traded on the NASDAQ Global Select Market under the ticker symbol "CRZO."

10. Defendant S.P. Johnson IV is, and has been at all relevant times, President, Chief Executive Officer ("CEO") and a director of the Company.

11. Defendant Steven A. Webster is, and has been at all relevant times, Chairman of the Board and a director of the Company.

12. Defendant F. Gardner Parker is, and has been at all relevant times, the Lead Independent Director of the Board and a director of the Company.

13. Defendant Frances Aldrich Sevilla-Sacasa is, and has been at all relevant times, a director of the Company.

14. Defendant Thomas L. Carter, Jr. is, and has been at all relevant times, a director of the Company.

15. Defendant Robert F. Fulton is, and has been at all relevant times, a director of the Company.

16. Defendant Roger A. Ramsey is, and has been at all relevant times, a director of the Company.

17. Defendant Frank A. Wojtek is, and has been at all relevant times, a director of the Company.

18. Defendants referenced in paragraphs 10-17 are collectively referred to herein as the "Board" or the "Individual Defendants."

## CLASS ACTION ALLEGATIONS

19. Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons and entities that own Carrizo common stock (the "Class"). Excluded from the Class are defendants and their affiliates, immediate families, legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

20. Plaintiff's claims are properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

21. The Class is so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through discovery, Plaintiff believes that there are thousands of members in the Class. As of August 2, 2019, there were 92,552,930 shares of Carrizo common stock outstanding. All members of the Class may be identified from records maintained by Carrizo or its transfer agent and may be notified of the pendency of this action by mail, using forms of notice similar to that customarily used in securities class actions.

22. Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm Plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

23. Plaintiff will fairly and adequately protect the interests of the Class, and has no interests contrary to or in conflict with those of the Class that Plaintiff seeks to represent. Plaintiff has retained competent counsel experienced in litigation of this nature.

24. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

25. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

**SUBSTANTIVE ALLEGATIONS**

**Background of the Company**

26. Carrizo is an energy company that is actively engaged in the exploration, development, and production of crude oil, natural gas liquids, and natural gas from resource plays located in the U.S. The Company's current operations are primarily focused on proven, producing hydrocarbon basins in the Eagle Ford Shale in South Texas and the Delaware Basin in West Texas. As of March 1, 2019, Carrizo had accumulated more than 76,500 net acres in the Eagle Ford Shale and approximately 46,000 net acres in the Delaware Basin.

27. Callon is a Delaware corporation, with its principal executive offices located at 2000 W. Sam Houston Pkwy South, Suite 2000 Houston, Texas 77042. Callon is an independent energy company focused on the acquisition and development of unconventional onshore oil and

natural gas reserves in the Permian Basin in West Texas. Callon's common stock is traded on the New York Stock Exchange under the ticker symbol "CPE."

**The Proposed Transaction**

28.     On July 15, 2019, Callon and Carrizo issued a joint press release announcing the Proposed Transaction. The press release stated, in relevant part:

> HOUSTON, July 15, 2019 -- Callon Petroleum Company (NYSE: CPE) and Carrizo Oil & Gas, Inc. (Nasdaq: CRZO) today announced that their Boards of Directors have unanimously approved a definitive agreement under which Callon will acquire Carrizo in an all-stock transaction valued at $3.2 billion. This highly complementary combination will create a leading oil and gas company with scaled development operations across a portfolio of core oil-weighted assets in both the Permian Basin and Eagle Ford Shale.
>
> Under the terms of the agreement, Carrizo shareholders will receive a fixed exchange ratio of 2.05 Callon shares for each share of Carrizo common stock they own. This represents $13.12 per Carrizo share based on Callon's closing common stock price on July 12 and a premium of 18% to Carrizo's trailing 60-day volume weighted average price. Following the close of the transaction, Callon shareholders will own approximately 54% of the combined company, and Carrizo shareholders will own approximately 46%, on a fully diluted basis. The all-stock transaction is intended to be tax-free to Carrizo shareholders.
>
> "We are excited about this transformational transaction, creating a differentiated oil and gas company by integrating core asset bases in premier basins. Together with Carrizo, we will accelerate our free cash flow, capital efficiency and deleveraging goals through an optimized model of large-scale development across the portfolio. We will also benefit from leading cash margins to navigate commodity price volatility and allow for reliable, continuous development of the combined asset base. With a deep inventory of high rate-of-return well locations in well-established areas and substantial upside opportunities for organic inventory delineation, we will be able drive differentiated growth deploying our life-of-field development model for many years to come," said Joe Gatto, President and Chief Executive Officer of Callon. "As a larger organization, Callon will be well-positioned to benefit from an expanded infrastructure footprint and critical mass for our production marketing and supply chain functions and also leverage our technology and data capture initiatives across a broader base. Importantly, this combination brings together two organizations grounded in strong values and a shared commitment to responsible operations, integrity, and a drive to deliver leading results. We look forward to welcoming Carrizo'ss employees and joining forces as a Houston-based company focused on the development of a premier Texas asset base to create enhanced value for all of

our stakeholders."

S.P. "Chip" Johnson, IV, President and Chief Executive Officer of Carrizo, commented, "We believe that Callon is the ideal partner for Carrizo. Through our combination, we bring together a strong foundation of Midland Basin and Eagle Ford Shale assets and overlay a substantial Delaware acreage position and value proposition that will be unlocked through an integrated plan of large-scale program development. This all-stock transaction provides Carrizo shareholders with the opportunity to participate in the significant near- and long-term upside potential of the merged company. We look forward to a bright future for our employees and all of our stakeholders and expect a seamless integration."

**Strategic and Financial Benefits of the Transaction**

- Increases Corporate and Delaware Basin Scale: On a pro forma basis, Callon will have an approximate 200,000 net acre footprint in the Permian Basin and Eagle Ford Shale, including over 90,000 net acres in the Delaware Basin, and approximately 2,500 total gross horizontal drilling locations. The companies produced a combined 102.3 MBoe/d in 1Q19 (71% oil) and generated pro forma LTM 1Q19 adjusted EBITDAX of $1.2 billion. With an expected total of 9 to 10 drilling rigs and 3 to 4 completion crews working during the course of 2020, predominantly in the Permian Basin, the combined entity will have the critical mass to realize supply chain savings and sustain simultaneous operations initiatives.

- Expands Portfolio of Complementary High-Quality Assets: Together with Carrizo, Callon will be a premier Texas operator with an extensive inventory of core Permian and Eagle Ford locations that compete for capital on a full-cycle basis. As a portfolio, our increased level of large project initiatives in the Permian Basin will be balanced by sustained investment in shorter cycle and less capital-intensive projects in the Eagle Ford Shale. Based on initial plans for capital allocation within the combined portfolio, Callon forecasts its free cash flow breakeven WTI crude oil price to progress to under $50/Bbl by 2021.

- Accelerates Free Cash Flow Generation: Callon expects this combination to be immediately accretive to free cash flow per share in 2020 with positive free cash flow generation of over $100 million at current strip pricing1 while maintaining double-digit production growth. The combination brings together a well-established and repeatable free cash flow generating business in the Eagle Ford Shale with Permian Basin assets that are rapidly transitioning to positive net cash flows with increasing investment in high-return projects. In addition, the combined company's corporate free cash flow will be increased through an optimized development plan in addition to corporate cost savings. This

7

sustained free cash flow generation will accelerate Callon's deleveraging initiatives and improve its capacity to return capital to shareholders in the future.

- <u>Maintains Callon's Financial Strength and Flexibility</u>: Callon expects to have an enhanced credit profile due to broader scale and scope, and a substantial base of oil-weighted proved developed producing reserves. Importantly, significant free cash flow generation will drive the combined company's leverage ratio to below 2.0x in 2020 at current strip pricing. Additionally, upon closing, the combined company is anticipated to have pro forma liquidity of more than $1 billion under a new underwritten credit facility combined with no near-term debt maturities.

- <u>Drives Substantial Identified Synergies</u>: The combination is expected to generate a total of $850 million in net present value from the following categories of primary synergies:
  - Annual run-rate operational synergies of $65 to $80 million attributed to a structural shift in the combined program development model, consisting of:
    - Expanded large scale development in the Permian Basin, deploying simultaneous drilling and completion operations, improving production cycle times and reducing well costs;
    - Optimized, integrated development schedule to capture efficiencies from continuous utilization of dedicated completion crews; and
    - Improved uptime from concentrated development, resulting in reduced production downtime from offsetting completion operations.

  - Estimated annual cash general and administrative savings of $35 million to $45 million.
  - Optimized capital allocation initiatives, including a mix of shorter and longer cycle projects, select activity acceleration within a larger cash flow base and high-grading of drilling inventories.

In addition, Callon has identified further synergies that are anticipated to be realized over time:

- Integration of Delaware infrastructure and water management, expanding the opportunity for water recycling programs and increasing scale for potential monetization structures;
- Larger portfolio of non-core acreage for divestment and trades, high-grading overall returns on capital;
- Increased hydrocarbon volumes provide critical mass for marketing arrangements and ongoing initiatives to control critical parts of the value chain, including firm transportation on pipelines;

- and
- Cost of capital reductions, including opportunistic debt refinancings.

**Governance and Leadership**

The transaction has been unanimously approved by the Boards of Directors at both Callon and Carrizo. In addition, each of the Carrizo directors has committed to vote his or her shares in favor of the transaction.

Upon closing, the Board of Directors of the combined company will consist of 11 members, including Callon's eight current Board members and three to be appointed from the Board of Carrizo. The combined company will be led by Callon's executive management team and will remain headquartered in Houston, Texas.

**Timing and Approvals**

The transaction, which is expected to close during the fourth quarter of 2019, is subject to customary closing conditions and regulatory approvals, including the approval of shareholders of both companies.

**The Registration Statement Contains Material Misstatements or Omissions**

29. Defendants filed a materially incomplete and misleading Registration Statement with the SEC and disseminated it to Carrizo's stockholders. The Registration Statement misrepresents or omits material information that is necessary for the Company's stockholders to make an informed decision whether to vote in favor of the Proposed Transaction.

30. The Registration Statement omits material information regarding the Company's and Callon's financial projections provided by each of Carrizo's and Callon's management and relied upon by the Company's financial advisors, RBC Capital Markets, LLC ("RBC") and Lazard Frères & Co. LLC ("Lazard"), for their analyses, as well as the analyses performed by RBC and Lazard.

31. The Registration Statement fails to disclose Carrizo's and Callon's unlevered free cash flows and/or after-tax free cash flows over the projection period and the underlying line

items utilized by RBC and Lazard in their analyses. The Registration Statement further fails to disclose the Post-Merger Projections (as defined in the Registration Statement) for the combined company, prepared by Carrizo management and utilized by RBC for purposes of its fairness opinion.

32. With respect to RBC's Net Asset Value Analyses for Carrizo and Callon, the Registration Statement fails to disclose the adjustments RBC used to derive the implied equity value per share reference ranges, including: (i) capital costs; (ii) estimated taxes; (iii) general and administrative expenses; and (iv) balance sheet adjustments as provided by Carrizo management, related primarily to working capital, hedges, and acquisition and divestiture related contingent payments.

33. With respect to RBC's Discounted Cash Flow Analysis for Carrizo, the Registration Statement fails to disclose: (i) Carrizo's after-tax free cash flows for the projection period; (ii) the inputs and assumptions underlying the discount rates ranging from 9.5% to 11.5%; and (iii) the implied perpetuity growth rates resulting from the analysis.

34. With respect to RBC's Discounted Cash Flow Analysis for Callon, the Registration Statement fails to disclose: (i) Callon's after-tax free cash flows for the projection period; (ii) the inputs and assumptions underlying the discount rates ranging from 9.0% to 11.0%; and (iii) the implied perpetuity growth rates resulting from the analysis.

35. With respect to Lazard's Net Asset Value Analysis for Carrizo, the Registration Statement fails to disclose: (i) the unlevered free cash flows Carrizo was projected to generate for fiscal year 2019 through fiscal year 2023 under each of the commodity pricing scenarios; (ii) the inputs and assumptions underlying the discount rates ranging from 8.6% to 11.8%; and (iii) the present value of non-drilling and completion capital expenditures and corporate adjustments.

36. With respect to Lazard's Net Asset Value Analysis for Callon, the Registration Statement fails to disclose: (i) the unlevered free cash flows Callon was projected to generate for fiscal year 2019 through fiscal year 2023 under each of the commodity pricing scenarios; (ii) the inputs and assumptions underlying the discount rates ranging from 7.6% to 12.2%; and (iii) the present value of non-drilling and completion capital expenditures and corporate adjustments.

37. The Registration Statement also omits material information regarding the conflicts of interest of RBC.

38. According to the Registration Statement, RBC has been asked by Callon to participate in the pro forma combined company's new credit facility. The Registration Statement fails to disclose the fees RBC is expected to receive in connection with its participation in the new credit facility, when RBC was asked to participate in the financing for the pro forma combined company, and when the Board learned of RBC'sfinancing role.

39. The omission of the above-referenced material information renders the Registration Statement false and misleading, including, inter alia, the following sections of the Registration Statement: Certain Carrizo Unaudited Prospective Financial and Operating Information, Opinions of Carrizo's Financial Advisors, and Background of the Merger.

40. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## CLAIMS FOR RELIEF

**Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder**

41. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

42. The Individual Defendants disseminated the false and misleading Registration

11

Statement, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Carrizo is liable as the issuer of these statements.

43. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

44. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

45. The Registration Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

46. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

47. Because of the false and misleading statements in the Registration Statement, Plaintiff and the Class are threatened with irreparable harm.

## COUNT II

**Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

48. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

49. The Individual Defendants acted as controlling persons of Carrizo within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Carrizo and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

50. Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

51. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement at issue contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

52. In addition, as the Registration Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Registration Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had

input into.

53.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

54.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, Carrizo's stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Carrizo, and against defendants, as follows:

A.     Ordering that this action may be maintained as a class action and certifying Plaintiff as the Class representative and Plaintiff's counsel as Class counsel;

B.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Carrizo stockholders;

C.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff and the Class;

D.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

E.     Awarding Plaintiff the costs of this action, including reasonable allowance for

Plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: September 10, 2019

/s/ *Daniel Zemel*
Daniel Zemel
**ZEMEL LAW, LLC**
1373 Broad St., Suite 203C
Clifton, New Jersey 07013
T: (862) 227-3106
F: (973) 282-8603
DZ@zemellawllc.com

*Attorney for Plaintiff*